UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOSEPH KISHORE**, Socialist Equality Party candidate for U.S. President; and **NORISSA SANTA CRUZ**, Socialist Equality Party candidate for U.S. Vice President,<br><br>    Plaintiffs,<br><br>        v.<br><br>**GRETCHEN WHITMER**, Governor of Michigan; **JOCELYN BENSON**, Secretary of State of Michigan; and **JONATHAN BRATER**, Director of the Michigan Bureau of Elections, in their official capacities,<br><br>    Defendants. | Case No. 20-11605<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

JOSEPH KISHORE, Socialist Equality Party candidate for U.S. President; and NORISSA SANTA CRUZ, Socialist Equality Party candidate for U.S. Vice President (together, "Plaintiffs") bring this Complaint against Defendants GRETCHEN WHITMER, Governor of Michigan; JOCELYN BENSON, Secretary of State of Michigan; and JONATHAN BRATER, Director of the Michigan Bureau of Elections, in their official capacities (together, "Defendants").

1

## Summary of this Civil Action

1.  Michigan's ballot access requirements for independent candidates for president and vice president, which compel the candidates to gather and submit tens of thousands of physical signatures, are literally impossible for the Plaintiffs to fulfill during the ongoing global coronavirus pandemic.

2.  For the past three months, anyone attempting to collect such signatures in Michigan would have risked infection and death from the coronavirus, which continues to spread in the community, and also would have faced possible criminal prosecution. As of June 15, 2020, there have been over 66,000 confirmed cases of the virus in Michigan, and over 6,000 deaths. Under these circumstances, enforcing these requirements as against Plaintiffs would constitute voter suppression and would violate the fundamental democratic rights of the candidates as well as Michigan voters.

3.  Plaintiffs Kishore and Santa Cruz are the Socialist Equality Party ("SEP") candidates for U.S. President and Vice President. The SEP has a long history in the state of Michigan, having moved its headquarters to Detroit in 1978. The SEP has successfully petitioned for ballot access in the state on numerous occasions, including in its campaigns for Jerry White for the U.S. House of Representatives (12th District) in 2006, Niles Niemuth for the same office in 2018, and D'Artagnan Collier for Detroit Mayor in 2013.

4.      Socialism is rapidly gaining popularity in the United States. A Gallup poll released in 2018 found that fewer than half of young people aged 18-29 have a positive view of capitalism, while more than half have a positive view of socialism. As a lawsuit to defend and uphold the rights of the substantial numbers of voters who wish to associate themselves with socialist campaigns and vote for socialist candidates in the upcoming elections, this action is in the public interest.

5.      Nearly half of eligible voters (46.9 percent, according to the United States Election Project) did not vote in the 2016 election, and turnout was poor for both major party candidates. This fact indicates that a substantial section of the electorate is not satisfied with the narrow range of choices that are commonly available on the ballot.

6.      The SEP has been a significant force in the political life of the state of Michigan over a long period, championing and organizing resistance to wage cuts and deteriorating working conditions among teachers, autoworkers, and other sections of the working class. The SEP gathered and published extensive material regarding the poisoning of Flint's water supply, organized demonstrations to defend the Detroit Institute of Arts in 2013, consistently opposed the shutoff of water and electrical utilities due to inability to pay, conducted citizens' inquiries with respect to the Detroit bankruptcy in 2014 and

the Mack Avenue Fire in 1993, and held meetings opposing the closure of Detroit-area auto plants by General Motors in 2018 and 2019, among numerous other political activities.

7. The World Socialist Web Site (wsws.org), the political organ of the SEP and its sister parties worldwide, is the most widely-read socialist publication on the Internet. It was accessed by 3.2 million unique visitors between January 1 and April 26, 2020, a significant increase over the previous period. The total number of visits to the site was 5.6 million, and the total number of pages viewed by readers was 8.7 million.

8. Plaintiffs announced their candidacies in an online video on January 26, 2020 (accessible at socialism2020.org), having timely filed their statements of candidacy on January 21, 2020.

9. Pursuant to Michigan election law, to appear on the general election ballot, Plaintiffs and other independent candidates are required to file a nominating petition with the Michigan Secretary of State's office at 4 PM on the 110th day before the general election. MCL § 168.590c(2). This year's deadline is July 16, 2020—110 days before November 3. According to Defendants, the petition must include a minimum of 30,000 and up to 60,000 signatures of qualified and registered electors in the State of Michigan. MCL § 168.544f. The petition must also be signed by 100 registered electors in each of

at least half of Michigan's 14 congressional districts. MCL § 168.590b(4). Signatures must be gathered within a 180-day period. MCL § 168.590b(3)

10.   On March 10, 2020, Governor Whitmer issued Executive Order 2020-4 declaring a state of emergency across Michigan. On April 1, 2020, Governor Whitmer issued Executive Order 2020-33, declaring both a state of emergency and a state of disaster across Michigan. On March 23, 2020, Governor Whitmer issued Executive Order 2020-21 ("Stay-at-Home Order") requiring all individuals to "stay at home or at their place of residence"; banning non-essential work, business, and public and private gatherings; and mandating that individuals not go within six feet of each other outside of their homes. The Stay-at-Home Order made it a misdemeanor to violate these prohibitions. The order was extended on April 9, May 7 and May 22.  Updated guidelines aimed at re-opening some businesses still ban gatherings of over 100 people and impose mandatory social distancing of six feet in public.

11.   These restrictions effectively prohibit Plaintiffs and their supporters from gathering the signatures required to obtain ballot access in the November general election. Unless this Court intervenes, Michigan election law in conjunction with the Stay-at-Home Order will effectively bar Plaintiffs from appearing on the ballot, exclude their views from the electoral process, and suppress the socialist vote.

12. Plaintiffs seek prospective declaratory relief and injunctive relief as necessary to ensure their placement on Michigan's November 3, 2020 general election ballot, together with attorneys' fees under 42 U.S.C. § 1988.

## The Parties, Jurisdiction and Venue

13. Joseph Kishore Tanniru ("Kishore"), who is known in politics as Joseph Kishore, resides in Michigan and files suit in his capacity as candidate for U.S. President and as a registered voter in Michigan. Kishore is the national secretary of the SEP in the US, a position he has held since 2008. He joined the SEP in 1999. Over the past two decades, he has written hundreds of articles for the World Socialist Web Site and as national secretary directs the party's work throughout the country.

14. Norissa Santa Cruz ("Santa Cruz") resides in California and files suit in her capacity as candidate for U.S. Vice President. Norissa Santa Cruz joined the SEP in 2013 through its youth movement, the International Youth and Students for Social Equality. Raised in a working class family in San Diego County, Santa Cruz went on to study cultural anthropology and ethnomusicology at the University of California, San Diego. She currently works as an administrator in graduate education. She has written and published extensively on the issues faced by health care workers and educators as well as in defense of immigrants and refugees.

15. Plaintiffs timely filed their respective Statements of Candidacy with the Federal Election Commission. Plaintiffs are registered voters of their respective states and have consistently voted in past general elections.

16. Defendant Gretchen Whitmer is the Michigan Governor. Governor Whitmer has authority over the enforcement of the Michigan Election Code during a state of emergency and otherwise. Plaintiffs bring claims against Governor Whitmer in her official capacity. Governor Whitmer's business address is P.O. Box 15282, Lansing, Michigan 48901.

17. Defendant Jocelyn Benson is the Michigan Secretary of State. Secretary Benson is the State's chief elections official and has ultimate authority over the enforcement of the Michigan Election Code, including the provisions challenged herein. Plaintiffs bring claims against Secretary Benson in her official capacity. Secretary Benson's business address is 430 W. Allegan, Lansing, Michigan 48933.

18. Defendant Jonathan Brater is the Director of the Michigan Bureau of Elections. Director Brater accepts and reviews candidate petition filings, assists county and local election officials with their administrative duties, and administers the State's electoral process and Campaign Finance Act. Plaintiffs bring claims against Director Brater in his official capacity. Director Brater's

business address is Bureau of Elections, 430 W. Allegan, Lansing, Michigan 48933.

19. Venue is proper in this Court because Kishore is a resident of Michigan, and because the Defendants are state officials who maintain offices throughout the State of Michigan. *See Bay County Democratic Party v. Land*, 340 F.Supp.2d 802 (E.D. Mich. 2004). This Court has personal jurisdiction over the Defendants because they are public officials in the State of Michigan and they are residents of Michigan. This Court is a proper venue for this civil action under 28 U.S.C. §1391.

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, because Plaintiffs' claims arise under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and 1988.

21. Declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure

## General Allegations

22. Plaintiffs Kishore and Santa Cruz are the Socialist Equality Party's candidates for President and Vice President of the United States, respectively.

23. On January 21, 2020, Plaintiffs filed their Statements of Candidacy with the Federal Election Commission.

24. Prior to and after announcing their candidacies, Plaintiffs and their election staff planned a national ballot access drive. Plaintiffs actively sought to raise funds and recruit supporters in anticipation of these efforts. This ballot access drive was planned for the late spring and summer, when potential voters were likely to be paying closer attention to the general election.

25. Pursuant to Michigan election law, to appear on the official November general election ballot, Defendants would require Plaintiffs to file a nominating petition with at least 30,000 signatures and up to 60,000 signatures of qualified and registered electors.

26. In *Graveline v. Benson*, Case No. 18-12354 (E.D. Mich. 2019), this Court ordered that an independent candidate for statewide office was required to submit a "petition signed by 12,000 qualified and registered electors instead of 30,000." This order is set to expire when the Michigan Legislature enacts a permanent correction to the invalidated scheme, which as of the filing of this case appears never to have happened. Plaintiffs contend that the order reducing the requirement from 30,000 to 12,000 thus remains in effect and applies to them, but that enforcing any signature requirement as against Plaintiffs under conditions of the ongoing pandemic would be unconstitutional. In the alternative, the requirement should be reduced to a nominal number, with the requirements relating to the geographic distribution of signatures waived, the

9

deadline extended, and procedures made available for online signature gathering.

27. To comply with state and federal orders and health guidelines and to protect the health and safety of their supporters and of the general public, Plaintiffs and their campaign staff were compelled to cancel all public meeting plans in early March, after which gathering physical signatures became impossible.

28. Defendants have failed to take any actions to extend the deadline, waive or reduce the signature gathering requirements, or allow for electronic signature gathering.

29. Defendant Benson has also closed all Secretary of State offices due to the virus. On May 19, Defendant Benson announced that all voting in the August primary and November general election will take place by mail-in ballot. According to a news release, Defendant Benson said the purpose was to "ensure[] that no Michigander has to choose between their health and their right to vote."

30. Defendants' failure to waive or reduce the signature gathering requirements placed the Plaintiffs and their supporters in the position of choosing between, on the one hand, risking criminal prosecution, infection, and

death by attempting to collect signatures during the pandemic, or on the other hand, abandoning their efforts to participate in the elections in Michigan.

31. The Michigan Bureau of Elections ("BOE") posted the following notice on its website, which has remained on its website as of the filing of this Complaint:

> A presidential candidate without political party affiliation must submit a qualifying petition bearing a sufficient number of valid signatures, the name and address of his or her running mate and the names and addresses of his or her presidential electors. The qualifying petition must be filed no later than 4:00 p.m. on July 16, 2020….The minimum number of valid signatures required on the qualifying petition is 30,000…Of the signatures submitted on the petition, there must be at least 100 signatures from each of at least ½ of the congressional districts in the state.

32. The Defendants' enforcement of these ballot access requirements is inconsistent with other actions the Secretary of State has taken in these unprecedented times. The Secretary of State's offices are closed to the public. Additionally, the Secretary of State conducted local elections in May 2020 through mail ballots, and not in person.

33. Similarly, on March 25, 2020, recognizing the severity of this pandemic, Governor Whitmer issued Executive Order 2020-22, extending the canvassing deadline of the state's primary election to April 24, 2020.

34. The U.S. Court of Appeals for the Sixth Circuit has already upheld a district court's ruling in *Esshaki v. Whitmer* that Michigan's deadline and

signature requirements as applied to a congressional candidate in a party primary were unconstitutional (Sixth Cir. Case No. 20-10831, District Court Case No. 2:20-CV-10831-TGB). For the same reasons, Michigan's far higher signature requirements for presidential candidates are unconstitutional as applied to Plaintiffs.

35.   Collecting signatures is a time-consuming process, which requires extensive and close contact with voters who reside in the state. Governor Whitmer's Stay-at-Home Order has made it impossible for candidates to obtain the required number of voter signatures by July 16, 2020, the deadline imposed under MCL §§ 168.590 and 168.544f.

36.   The enforcement of these requirements under these unprecedented circumstances is unconstitutional because it imposes signature requirements upon Plaintiffs that are impossible to fulfill without putting lives in danger and breaking the law. This effectively prevents Plaintiffs and their supporters, through no fault of their own, from casting a meaningful and effective vote.

37.   Hundreds if not thousands of hours of time have been spent by Plaintiffs and their supporters in preparing and launching their campaign. The enforcement of the signature requirements as well as the filing deadline severely injures Plaintiffs and their supporters, who have already invested significant time and passion into the election campaign.

38. If the SEP's candidates are excluded from the Michigan ballot in November, then no genuinely socialist presidential candidate will appear on the ballot.

39. To the extent that these requirements are being enforced by Democratic Party officials in hopes of barring a party that they perceive as likely to gather votes that might otherwise be cast for their general election presidential candidate in Michigan, this does not represent a legitimate reason for excluding Plaintiffs from the ballot.

40. Defendants' enforcement of the deadline will leave socialist-mnided voters like Plaintiffs and their supporters, who for reasons of political principle are unable to vote for non-socialist candidates, unable to vote at all. This conduct subverts the election process, constitutes voter suppression, and arbitrarily restricts the rights of socialists to run in elections and vote for candidates that share their views.

## FIRST CAUSE OF ACTION

**Civil Rights Action (42 U.S.C. § 1983): Violations of the First and Fourteenth Amendment Rights of Plaintiffs as Candidates**

41. The paragraphs above are incorporated by reference.

42. In light of the unprecedented and ongoing global health disaster, together with Governor Whitmer's Stay-at-Home Order, Michigan's ballot

access requirements, signature totals, and deadlines, including without limitation MCL §§ 168.544f, 168.590b(4), and 168.590c(2), are unconstitutional as applied to Plaintiffs Kishore and Santa Cruz.

43. Defendants' actions and failures to act effectively prohibit Plaintiffs from getting the required number of signatures, and in turn, prevent them from having their names placed on the November 3, 2020 general election ballot.

44. These actions and failures to act violate Plaintiffs' rights to freedom of speech and association, equal protection, and due process rights as guaranteed by the First and Fourteenth Amendments, and as protected by 42 U.S.C. §1983.

45. Defendants' enforcement of the statutory requirements in conjunction with the Stay-at-Home Order make it impossible for Plaintiffs and their supporters to obtain ballot access without violating the Stay-at-Home Order and facing potential criminal charges.

46. Even if the Stay-at-Home order were to be lifted, petitioning would still place Plaintiffs, their supporters, and members of the public at risk of contracting coronavirus and, therefore, expose them and their families to the risk of infection and death. Under the circumstances, the state's requirements are burdensome, unreasonable, and are not narrowly tailored to meet any compelling or legitimate state interest.

47. These actions and failures to act immediately injure Plaintiffs and violate their rights.

48. Plaintiffs seek declaratory and injunctive relief under this claim together with attorneys' fees pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

**Civil Rights Action (42 U.S.C. § 1983): Violations of the First and Fourteenth Amendment Rights of Plaintiff Kishore as a Registered Voter**

49. The paragraphs above are incorporated by reference.

50. Kishore is a registered voter in Berkley, Michigan. He has regularly voted in past general elections and has a constitutional right to effectively cast his vote.

51. The exclusion of Plaintiffs' candidacy through the unconstitutional enforcement of the above-referenced ballot access requirements deprives Kishore of the choice to vote for a socialist candidate for president, is wholly unreasonable, and fails to meet any compelling or legitimate state interest.

52. Kishore and many socialist-minded Michigan voters are immediately injured by the acts and omissions of Defendants.

53. Plaintiff Kishore seeks declaratory and injunctive relief under this claim together with attorneys' fees pursuant to 42 U.S.C. §1988.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in his favor and against Defendants and grant the following relief:

A. Enter declaratory judgment holding that Michigan's ballot access requirements, including without limitation MCL §§ 168.544f, 168.590b(4), and 168.590c(2), are unconstitutional as applied to Plaintiffs Kishore and Santa Cruz in their capacities as candidates for President and Vice President of the United States, respectively, and to Plaintiff Kishore in his capacity as a qualified voter;

B. Enter a temporary restraining order and preliminary injunction barring Defendants from enforcing the above ballot access requirements;

C. Enter an order requiring Defendants to print Plaintiffs' names on the November ballot; or in the alternative, enter an order requiring Defendants to extend the filing deadline, decrease the signature requirements to a nominal number, waive the requirements relating to the geographic distribution of signatures, and allow for online signature gathering;

D. Award Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

    E.       Award such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Eric Lee
Eric Lee (P80058)
25900 Greenfield Rd. Suite 257
Oak Park, Michigan 48327
248-457-5229
Ca.ericlee@gmail.com
*Attorney for Plaintiffs*